McIlvaine, J.
The disposition of this case turns upon the question, whether the defendant was placed in default by his refusal to execute the written contract tendered to him for his signature on the 7th of April, 1871. There is no pretense that he refused to give reasonable security for the proper performance of his contract, independent of his refusal to sign the contract tendered to him.
The only provision of the statute bearing upon this question is contained in section 5 of the amendatory act of May 9,1868 (65 Ohio L. 178), which is as follows: “After making such order for an improvement, or for any change in the samé, the commissioners shall appoint a competent engineer to superintend the performance and completion of said work, who shall, with the approval of the county commissioners, make a contract for the performance of the work; and the contractor may at once enter upon the performance of said work under the superintendence of the engineer ap~ *418 pointed as aforesaid; provided, that said improvement shall be' let in sections of not less than one-half mile to the lowest and best bidder, who shall give such reasonable security for the proper performance of his contract within the time and manner described, as the county commissioners may deem expedient.”
Conceding that this statute requires a formal written contract to be executed between the engineer and the successful bidder, after the acceptance of his bid (which I think is exceedingly doubtful), it is perfectly certain that the stipulations and conditions of such formal instrument must conform substantially to the terms of the advertisement for bids, the proposal of the bidder, its acceptance, and such records and files relating to the improvement as constituted the evidence of the contract at the time it was consummated by the acceptance of the bid. The only purpose for which such formal instrument could have been intended was the preservation, in a succinct foi’m, of the evidence of the contract already made and entered into. Neither pax'ty could insist upon the introduction of stipulations or conditions not named or implied in their former negotiations.
After providing that the defendant should pex’form the work “in aceordaxxce with grades as established on the profile of said road, on file in the auditor’s office of said ■couixty, and on the line of said road as marked and indicated on the ground by stakes,” the following stipulations, which had not been named dui’ing the negotiations of the parties, or upon the x’eeord or files relating to the improvemexxt, were inserted in the contract which the defendant refused to sign, to wit:
“ With such changes and modifications as in the judgment of the engineer may be proper. Where any such change is made, if the work shall be incx'eased, the price to be paid shall be incx-eased in the same px’opox’tion; if the work is decx’eased, the pxice to be paid shall be reduced in proportion to the decrease; and in arriving at such increase or decrease of price, the price of this contx’act shall be taken as the basis.
*419 “ The work on said road shall be commenced on or before the 1st day of May, 1871, and be completed on or before the 1st day of May, 1878.”
We think the defendant was justified in refusing to sign a writing, whereby these stipulations, or either of them, would have been injected into his contract.
1. We have not discovered in the statute any authority conferred upon the engineer to change the line or grade of .the improvement; but if, by implication arising thereon, it be otherwise, still the defendant might well have refused to give him a carte blanche under the contract to make them whenever in Ms judgment they might be proper. "There is a vast difference between a power to make reasonable and necessary changes and a power to make them when, in the judgment of a particular person, they may be deemed proper. The defendant’s contract was for a work of a given length and of a known grade, at a certain price per rod. It was his right to adhere to the terms of Ms contract, unless modified by force of the statute, in view of which it was made.
2. By the terms of the contract, consummated by the .acceptance, by the engineer and the commissioners of the defendant’s proposal, no date was fixed for the commencement or completion of the work. This omission was supplied, however, by an implication of law. The implication was that the work should be commenced and completed within a reasonable time. Negotiations had ended. It is not enough to say, in answer to his objection, that the dates named in the rejected writing were reasonable. It ■was not, and could not at that time have been known whether they were so or not. When a contract for work, .such as this, is to be performed within a.reasonable time, circumstances which the unknown future may develop, as well as circumstances known to the parties at the time, become elements in determining its expiration. The proposed change in the contract, in this respect, was material, and the defendant was justified in rejecting it.

Judgment affirmed.

Welch, C.J., White, Rex, and Gilmore, J.J., concurred.